**Xiang Ren JIANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–40760–AG.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Wendy H. Waszmer, Kathy S. Marks, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Xiang Ren Jiang, a native and resident of China, petitions for review from a denial of asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ordinarily, this court reviews the BIA's decision, but when the BIA's decision affirms the IJ's holding in all respects but one, this court reviews the IJ's decision as modified by the BIA's decision. *See Yang v. United States Dep't. of Justice*, 426 F.3d 520. 521 (2d Cir.2005). We review factual findings under the substantial-evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003).

In this case, the IJ found Jiang's testimony not credible because, among other things, Jiang was unable to (1) explain the inconsistent statements that he made regarding the whereabouts of himself and his family during their alleged ordeal in China, (2) explain his inconsistent statements regarding the period of time when his private land was confiscated by the village officials, (3) explain the inconsistency between his testimony and his wife's sterilization certificate regarding where the sterilization was performed, (4) explain how he obtained a recent household-registration document and a Chinese national-registration card from the government while he was supposedly in hiding for fourteen years, and (5) give a plausible explanation as to why his wife used the family address as the return address in a letter if the home had been destroyed for more than a decade. These are " 'specific, cogent reasons' " that "bear a legitimate nexus" to the adverse-credibility finding. *Id.* at 307.

Because Jiang's adverse credibility provided an independent basis for the IJ's denial of asylum and because the evidence so overwhelmingly supports this finding that there is mo realistic possibility of a different outcome on remand, that decision must be upheld, regardless of any other errors that may exist in the agency's rea-

soning. *See Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).